**SHACKELFORD, MCKINLEY & NORTON**
9201 N. Central Expressway, 4th Floor
Dallas, Texas 75231
State Bar No. 036337
TEL: (214) 780-1441
Email: Lstarr@shackelford.law

*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## PHOENIX DIVISION

Wendy Riley,

        Plaintiff,

    v.

Spire Recovery Solutions, LLC,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:26-cv-02082-DJH

**DEFENDANT'S ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Defendant Spire Recovery Solutions, LLC ("Defendant") and files this Answer to Plaintiff's Complaint as follows:

## **INTRODUCTION**

1.    Paragraph 1 is Plaintiff's monologue on Congress's findings and does not call for a response from Defendant. In the event a response is required, Defendant denies.

2.    Paragraph 2 is Plaintiff's monologue on Congress's intentions and does not call for a response from Defendant. In the event a response is required, Defendant denies.

3.    Defendant admits Plaintiff brings this action against Defendant. Defendant denies any violations occurred.

4.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 4; therefore, Defendant denies the same.

5.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 5; therefore, Defendant denies the same.

6.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 6; therefore, Defendant denies the same.

7.    Defendant denies Paragraph 7.

8.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 8; therefore, Defendant denies the same.

**JURISDICTION AND VENUE**

9.    Defendant denies that any violation occurred.

10.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 10; therefore, Defendant denies the same.

11.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 11; therefore, Defendant denies the same.

12.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 12; therefore, Defendant denies the same.

13.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 13 and its subparts; therefore, Defendant denies the same.

**PARTIES**

14.    Defendant admits Plaintiff is a natural person. Defendant lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 14; therefore, Defendant denies the same.

15.    Paragraph 15 calls for a legal conclusion; therefore, Defendant denies the same.

16.    Paragraph 16 calls for a legal conclusion; therefore, Defendant denies the same.

17.    Paragraph 17 calls for a legal conclusion; therefore, Defendant denies the same.

18.    Paragraph 18 calls for a legal conclusion; therefore, Defendant denies the same.

**FACTUAL ALLEGATIONS**

19.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 19; therefore, Defendant denies the same.

20.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 20; therefore, Defendant denies the same.

21.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 21; therefore, Defendant denies the same.

22.    Defendant denies Paragraph 22.

23.    Defendant denies Paragraph 23.

24.    Defendant denies Paragraph 24.

25.    Defendant denies Paragraph 25.

26.    Defendant denies Paragraph 26.

27.    Defendant denies Paragraph 27.

28.    Defendant denies Paragraph 28.

29.    Defendant denies Paragraph 29.

### FIRST CAUSE OF ACTION

30.     Defendant incorporates by reference all of the above paragraphs of the Answer as though fully stated herein.

31.     Defendant denies Paragraph 31.

32.     Defendant denies Paragraph 32.

### PRAYER FOR RELIEF

Defendant denies Plaintiff's Prayer for Relief and its subparts, and denies Plaintiff is entitled to any relief or damages.

### TRIAL BY JURY IS DEMANDED

33.     Defendant admits Plaintiff seeks a trial by jury in this case.

### AFFIRMATIVE DEFENSES

34.     Plaintiff's damages, if any, are the result of a pre-existing condition not caused nor exacerbated by Defendant.

35.     Plaintiff proximately caused her own damages, if any.

36.     Plaintiff's damages were caused by a third party over which Defendant has no control.

37.     Any violation of the FDCPA, if any, was caused by a good-faith bona fide error.

WHEREFORE, PREMISES CONSIDERED, Defendant Spire Recovery Solutions, LLC respectfully requests that this Court dismiss all claims against Spire Recovery Solutions, LLC with prejudice.

4

Respectfully submitted,


By: /s/ Lynnsee Starr

Lynnsee Starr
Shackelford, McKinley & Norton, LLP
9201 N. Central Expressway, 4th Floor
Dallas, Texas 75231
*Attorney for Defendant*
*Spire Recovery Solutions, LLC*


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** system to all parties entitled to notice of the same on this 7th day of May, 2026.


*/s/*Lynnsee Starr